The Honorable Norman R. Wolfinger State Attorney Eighteenth Judicial Circuit 700 South Park Avenue Titusville, Florida 32780
Dear Mr. Wolfinger:
You ask substantially the following question:
Are businesses specializing in adding accessories such as fiberglass spoilers, body moldings, air dams, and the like, to motor vehicles subject to the provisions of Part VII, Ch. 559, F.S., the Florida Motor Vehicle Repair Act?
In sum, I am of the opinion that:
Businesses specializing in the alteration of motor vehicles, by installing accessories such as fiberglass spoilers, body molding, air dams, and the like, to motor vehicles, are subject to the provisions of Part VII, Ch. 559, F.S.
Part VII, Ch. 559, F.S., is the Florida Motor Vehicle Repair Act (act).[1] The act applies to consumer transactions, i.e., transactions in which the customer is a natural person requesting repair work on a motor vehicle which is used primarily for personal, family or household purposes or in connection with a business owning or operating fewer than five motor vehicles.[2]
Section 559.905(1), F.S., provides that when a customer requests a motor vehicle repair shop to perform repair work on a motor vehicle, the cost of which repair work will exceed $50 to the customer, the shop shall prepare a written repair estimate setting forth the estimated cost of the repair work, including diagnostic work, before effecting any diagnostic work or repair.[3]
"Motor vehicle repair shop" is defined for purposes of the act to mean:
[A]ny person or business which, for compensation, engages in repairing, servicing, or maintaining motor vehicles owned by other persons and includes, but is not limited to, new car dealers and used car dealers; garages; service stations; selfemployed individuals; truck stops; paint and body shops; brake, muffler, or transmission shops; and shops doing upholstery or glass work.[4]
(e.s.)
You question whether shops installing accessories such as fiberglass spoilers, body moldings, air dams and the like, qualify as "motor vehicle repair shop" or whether such work constitutes "repairs."
While the statutory definition of "motor vehicle repair shop" enumerates the types of businesses included within the act, the listing of such businesses is not exclusive. Section 559.903(2), F.S., in defining the term, specifically provides that the persons or businesses subject to the statute are not limited to those specifically enumerated. Pursuant to the statute, any person who, for compensation, repairs, services or maintains motor vehicles owned by other persons is included within the statutory definition.
The term "repair" generally has been interpreted to mean to restore rather than to improve;[5] similarly, the term "maintain" generally refers to preserving from failure or decline.[6] The term "service," however, would appear to be broader in scope and may encompass maintenance, supply, repair or installation.[7]
In addition, s. 559.903(4), F.S., defines "Repair work" for purposes of the act to include "mechanical repairs, alterations, and maintenance services and any diagnostic work incident thereto, including, but not limited to, body work, painting, warranty work, and other work customarily undertaken by motor vehicle repair shops." (e.s.) Where the statute defines a term, that definition is generally controlling.[8] Thus, repair work for purposes of the Florida Motor Vehicle Repair Act includes alterations performed on such vehicles.
While "alterations" is not defined in the act, the term has generally been defined as "a change [or] modification;" a "changing; making different . . . making a thing different from what it was without destroying its identity."[9] "Alter" has been defined to mean "to cause to become different in some particular characteristic."[10] The installation of accessories such as spoilers, body moldings and air dams to a motor vehicle would appear to constitute an alteration of a motor vehicle.
The Florida Motor Vehicle Repair Act was enacted for the public welfare and as such, should be liberally construed even though it contains a penal provision.[11] I am, therefore, of the opinion that, in the absence of legislative or judicial clarification, the Florida Motor Vehicle Repair Act, Part VII, Ch. 559, F.S., encompasses those persons or businesses who, for compensation, alter motor vehicles of others by installing accessories such as fiberglass spoilers, body moldings, air dams and the like. You may wish, however, to consider seeking legislative clarification of this matter.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 559.901, F.S.
[2] Section 559.902, F.S.
[3] See, s. 559.905(1)(a)-(j) and (2), F.S., which sets forth certain items which the written repair estimate must include. And see, s. 559.909, F.S., providing for notification of charges in excess of the estimate; and s. 559.907, F.S., prohibiting a motor vehicle repair shop from charging to make a repair price estimate unless prior to making the estimate, the shop has complied with the requirements set forth in the statute.
[4] Section 559.903(2), F.S.
[5] See, 76 C.J.S. Repair 1170 ("The word `repair' relates to the preservation of property in its original condition, and commonly embraces rebuilding and restoration . . . under authority to repair there can be no enlargement and improvement except in so far as the work of repairing necessarily enlarges and improves.")
[6] See, Webster's Third New International Dictionary 1362 (unabridged ed. 1981) (to preserve from failure or decline; to keep in a state of repair); The Random House Dictionary of the English Language 865 (unabridged ed. 1967) (to preserve; to keep in due condition, operation or force).
[7] See, 79 C.J.S. Service 1143. And see, Webster's Third New International Dictionary 2075 (unabridged ed. 1981) (the performance of work commanded or paid for by another; to perform services for; to meet the needs of); The Random House Dictionary of the English Language 1304 (unabridged ed. 1967) (the performance of any duties or work for another). Cf., s. 542.17(2), F.S., which defines "Service" for purposes of the Florida Antitrust Act of 1980, as "any kind of activity performed in whole or in part for economic benefit."
[8] See, e.g., Ervin v. Capital Weekly Post, 97 So.2d 464 (Fla. 1957) (a statutory definition of a word is controlling and will be followed by the courts).
[9] Random House Dictionary of the English Language 43 (unabridged ed. 1967); and Black's Law Dictionary 103 (4th rev. ed. 1968).
[10] See, Webster's Third New International Dictionary 63 (unabridged ed. 1981).
[11] See, e.g., State v. Hamilton, 388 So.2d 561 (Fla. 1980) (statute enacted for public benefit should be liberally construed in favor of the public even though it contains a penal provision).